UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMADOU SANKARA,<br>Petitioner,<br>v.<br>WILLIAM P. BARR, et al.,<br>Respondent. | Case No. 19-cv-06306-SI<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>Re: Dkt. No. 12 |

Petitioner filed this habeas action under 28 U.S.C. § 2241 to challenge the legality of his custody by the U.S. Immigration and Customs Enforcement ("ICE"), pending his removal from the United States. At the time of filing, he was incarcerated at the Buffalo Federal Detention Facility in Battavia, New York, but has since been removed and now is living in the Republic of Cote d'Ivoire. The Court dismissed this action on January 6, 2020, because the petitioner had failed to keep the Court informed of his current address. Petitioner has now filed a motion for reconsideration. Docket No. 12. The motion for reconsideration is difficult to understand but appears to state that petitioner would like to proceed with his action now that he can provide an address to the Court.

The district of confinement is the proper venue for a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 813 (D.C. Cir. 1988); *McCoy v. United States Bd. of Parole*, 537 F.2d 962, 966 (8th Cir. 1976). Here, petitioner was in custody in Genesee County, located in the Western District of New York at the time he filed his habeas petition. The Western District of New York would have been the proper venue, but the Northern District of California was not and is not the proper venue for this action. The district court shall dismiss an action filed in the wrong venue, unless the interest

of justice supports transfer to a district in which it could have been brought.  *See* 28 U.S.C. § 1406(a).

The Court will not reconsider the dismissal and reopen this action because the action cannot proceed in this Court.  It is an undue consumption of judicial resources to reopen an action simply to dismiss it as having been filed in the wrong venue.  The interest of justice does not support transfer of the action to the Western District of New York because petitioner already filed petitions for writ of habeas corpus in that court to challenge his detention and removal.  *See Sankara v. Barr*, W. D. N.Y. No. 19-cv-174 LJV, and *Sankara v. Sessions*, W. D. N.Y. 18-cv-1066 LJV.  For these reasons, the motion for reconsideration is DENIED.  Docket No. 12.  The Court will not entertain any more motions or requests in this closed case.

**IT IS SO ORDERED**.

Dated:  February 10, 2020

_____
SUSAN ILLSTON
United States District Judge